IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT R. CREAGER,

    Plaintiff,

  v.

MASUO YOSHIMOTO; M.P. TECHNOLOGIES, INC.; M2M, INC.,

    Defendants.

No. C 05-01985 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 18, 2005 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively** DENIES Defendant Masuo Yoshimoto's motion for dismiss for improper service and lack of personal jurisdiction.  The Court **tentatively** DENIES Defendant M.P. Technologies, Inc.'s motion to dismiss for lack of personal jurisdiction, RESERVES on M.P. Technologies, Inc.'s motion to dismiss pursuant to the doctrine of *forum non conveniens*, and **tentatively** DENIES Defendant Yoshimoto's motion for joinder.

The parties shall have 15 minutes to address the following questions:

1. In deciding whether to dismiss a case for *forum non conveniens*, the Court must determine which country's laws should apply to the merits of the case. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1450 (9th Cir. 1990). Among the public interest factors to be weighed is the forum's familiarity with applicable law. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947). Plaintiff states that, absent a choice of law provision in the memorandum of understanding, California law should apply. (Opp. Br. at 11.) Defendants contend that "it is likely that Japanese law will govern key issues in this case" and it would "be easier for a Japanese court to determine and apply relevant law than this Court." (MPT Motion at 12.) What are the parties' positions on the applicable law in this matter and on what authority do they rely?

2. What is the status of the action filed by Defendants in Tokyo District Court? Is there a procedure to transfer that matter to this Court or to stay the matter pending resolution in this forum? Does the Tokyo court have any greater power to compel the production of witnesses outside of its jurisdiction than this Court?

3. Where the factors are in equipoise, must the Court give deference to the resident Plaintiff's first to file choice of forum?

4. The party seeking to dismiss a matter on the basis of *forum non conveniens* has the burden to identify the key witnesses to be called and to present a generalized statement of the materiality of their testimony. *Gates Learjet+ Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984). Defendants have failed to identify any witnesses beside Defendant Yoshimoto or to provide a statement of their proposed witnesses' testimony. What are the parties' contentions regarding the locations of the pertinent witnesses and the content of their testimony?

5. Do the parties require limited preliminary discovery to determine the key witnesses; which witnesses would require translation to either Japanese or, if dismissed, to English; the location of the pertinent evidence; the relative congestion of the courts; or the agency or alter-ego relationships among the defendants?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: November 15, 2005

*Jeffrey S. White*

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE