MORGENSTEIN & JUBELIRER LLP
ROBERT B. MULLEN (CSB #136346)
CHRISTOPHER D. LEGRAS (CSB #234958)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:   (415) 901-8701

Attorneys for Defendant
M.P. TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. CREAGER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MASUO YOSHIMOTO, an individual; M.P. TECHNOLOGIES, INC., a corporation; and M2M, INC., a corporation,<br><br>Defendants. | Case No.: C 05-01985 JSW<br><br>**DEFENDANT M.P. TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, M.P. Technologies, Inc. ("MPT") responds to plaintiff Robert R. Creager's complaint as follows:

I.  **INTRODUCTION**

1.   Responding to paragraph 1, MPT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

2.   Responding to paragraph 2, MPT denies that Yoshimoto is one of three directors of MPT, and denies that he is the largest single shareholder of MPT. MPT admits that Yoshimoto is a founder and the CEO of MPT. MPT denies that it was

seeking expansion into China when Yoshimoto first met Creager, and admits it was in the business of providing Internet protocol video-on-demand services to customers in Japan, but not primarily to the hospitality industry. MPT denies its top executives, with the exception of Yoshimoto, wished to grow MPT into a leading international provider of Internet protocol services to the hospitality sector. With respect to all other allegations of paragraph 2, MPT lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

3. Responding to paragraph 3, MPT denies that Yoshimoto agreed to form or operate AMG as a U.S. subsidiary of MPT, denies that the alleged Memorandum of Understanding ("MOU") was a binding agreement, denies that the MOU outlined Creager's role with respect to MPT, and denies the MOU provided that MPT would provide Creager or AMG with money, at any time. MPT admits that M2M, Inc. funded AMG. As to the remaining allegations of paragraph 3, MPT lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis denies them.

4. Responding to paragraph 4, MPT denies that Creager was diligent or successful in work on behalf of MPT, denies that Creager brought about strategic global acquisitions useful to MPT, denies that Creager managed MPT's acquisition of three enterprises, denies that Creager greatly expanded MPT's share of the international market in hospitality customer IP services, and denies that MPT has benefited tremendously from Creager's services, contacts, and expertise. With respect to all other allegations of this paragraph, MPT lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis denies them.

5. Responding to paragraph 5, MPT denies that Creager produced phenomenal results or opened new horizons for MPT, denies that Creager is due compensation from MPT, and denies MPT realized great benefits as a result of Creager's services. With respect to the remaining allegations in this paragraph, MPT lacks sufficient knowledge or information to form a belief as to the truth of these

1 allegations, and on that basis denies them.

2     6.    MPT denies each and every allegation of paragraph 6.

## II. JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

    7.    Responding to paragraph 7, MPT admits that this Court has subject matter jurisdiction of this action pursuant to the statutory sections cited.

    8.    MPT denies each and every allegation of paragraph 8.

    9.    Responding to paragraph 9, MPT admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(d), but contends that Japan is a more convenient venue for this dispute. MPT lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

    10.    Responding to paragraph 10, MPT admits that intra-district assignment to the San Francisco division is appropriate.

## III. THE PARTIES

    11.    Responding to paragraph 11, MPT admits that plaintiff is a resident of San Francisco, California. MPT lacks sufficient knowledge or information to respond to the remaining allegations of this paragraph, and on that basis denies them.

    12.    Responding to paragraph 12, MPT denies that Yoshimoto is MPT's largest single shareholder and denies that Yoshimoto holds approximately 25% of MPT's outstanding shares. MPT admits the remaining allegations of this paragraph.

    13.    Responding to paragraph 13, MPT denies that it concluded acquisitions of companies as a result of Plaintiff's efforts, and denies that MPT has extended its customer base as described except insofar as MPT acquired a controlling interest in companies with customers in the described regions. MPT admits the remaining allegations of this paragraph.

    14.    Responding to paragraph 14, MPT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15. Responding to paragraph 15, MPT lacks sufficient knowledge or information to respond to the allegations of this paragraph, and on that basis denies them.

16. MPT denies the allegations of paragraph 16 as they pertain to MPT. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

17. MPT denies the allegations of paragraph 17 as they pertain to MPT. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

## IV. **FACTUAL ALLEGATIONS**

18. Responding to paragraph 18, MPT admits that MagiNet Pte Ltd. is the largest company in its industry in the Asia-Pacific region. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

19. Responding to paragraph 19, MPT admits that Yoshimoto and Creager met in Tokyo and admits that MPT had an initial public offering of stock. MPT denies the offering took place in February, 2004, denies its new market capitalization valued MPT at $500 million, and denies its revenues were approximately $10 million. MPT lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

20. Responding to paragraph 20, MPT denies that Yoshimoto agreed to establish a California-based company to help MPT acquire companies providing similar services in other regional markets. MPT lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

21. MPT lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 21, and on that basis denies them.

22. Responding to paragraph 22, MPT admits that Yoshimoto met with

Creager in Australia in July 2004, but denies that Yoshimoto and Creager drew up an agreement, denies that Yoshimoto drafted an agreement and denies that the "Memorandum of Understanding" attached as Exhibit A to the complaint is a binding agreement. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

23.     Responding to paragraph 23, MPT denies that the referenced Memorandum of Understanding was a binding agreement. MPT admits that Exhibit A to the complaint contains the language quoted in this paragraph. MPT lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

24.     Responding to paragraph 24, MPT denies that Exhibit A to the complaint is a binding agreement, but admits that it contains the language quoted in this paragraph.

25.     Responding to paragraph 25, MPT denies that Exhibit A to the complaint is a binding agreement, but admits that it contains the language quoted in this paragraph.

26.     Responding to paragraph 26, MPT denies that Exhibit A to the complaint is a binding agreement, but admits that it contemplates an employment agreement containing terms alleged in this paragraph.

27.     Responding to paragraph 27, MPT denies that Exhibit A to the complaint is a binding agreement, but admits that it contains the language quoted in this paragraph.

28.     Responding to paragraph 28, MPT denies that Exhibit A to the complaint is a binding agreement, denies that Exhibit A called for AMG to receive a "cash injection" from MPT.

29.     MPT lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 29, and on that basis denies them.

30.     Responding to paragraph 30, MPT denies that Exhibit A to the complaint is a binding agreement. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

31.     Responding to paragraph 31, MPT admits that Yoshimoto met with Guest-

1  Tek in August, 2004, that MPT directors were pleased with the description of the
2  company, and that MPT purchased enough Guest-Tek stock to become the majority
3  shareholder and helped elect Guest-Tek's founder and others to Guest-Tek's board.
4  MPT denies that Creager provided MPT an opportunity and denies that Creager played
5  an active role in managing all phases of the acquisition.  MPT lacks sufficient knowledge
6  or information to form a belief as to the truth of the remaining allegations of this
7  paragraph, and on that basis denies them.

8     32.   Responding to paragraph 32, MPT denies that Ryuzo Nakazumi stated that
9  MPT would take care of AMG or fund AMG, denies that Nakazumi said Creager should
10 feel secure with MPT, and denies Nakazumi said at that time that MPT agreed Creager
11 was to have a seat on the Guest-Tek board.  MPT further denies that Mr. Nakazumi has
12 the title Chief Financial Officer.  MPT lacks sufficient knowledge or information to form a
13 belief as to the truth of the remaining allegations of this paragraph, and on that basis
14 denies them.

15     33.   Responding to paragraph 33, MPT admits that Yoshimoto sent an email to
16 plaintiff on or about September 28, 2004, and admits that the full sentence containing
17 the quoted language reads: "But in order to get incentive for funding, MPT agreed to
18 give you and your staff warrant (Stock option) of target acquired company's stock as we
19 discussed at IBC."  MPT denies that this e-mail reaffirmed the preceding allegations of
20 the complaint, denies Yoshimoto communicated that AMG or Plaintiff had any role in
21 "managing" acquisitions, and denies that the e-mail clarified the term "managing"
22 acquisitions as used in this paragraph.

23     34.   Responding to paragraph 34, MPT denies that Creager found or analyzed
24 opportunities on behalf of MPT and denies that MPT acquired LogicLink or MagiNet as a
25 result of Creager's efforts.  MPT admits that Creager introduced Yoshimoto to MagiNet
26 CEO N.Y. Lee.  MPT lacks sufficient knowledge or information to form a belief as to the
27 truth of the remaining allegations of this paragraph, and on that basis denies them.

28     35.   MPT denies each and every allegation of paragraph 35.

36. Responding to paragraph 36, MPT denies that Creager managed the purchase by MPT of three companies, denies Creager made possible the acquisition of a fourth company by one of the newly acquired companies, and denies that Creager was to receive 3% of shares or 2% options under an agreement, or other benefits under an agreement. MPT admits that it did not provide funding for AMG, but denies that a written agreement required such funding. MPT lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

37. Responding to paragraph 37, MPT admits that Yoshimoto sent an e-mail on or about March 2, 2005, but it denies it contained the quoted language and denies any percentages or stock options were owed to Creager. MPT admits the e-mail made no mention of the MOU and said M2M cannot afford further AMG funding. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

38. Responding to paragraph 38, MPT denies that Yoshimoto offered AMG's engineer a job with MPT and denies that Creager performed excellent service to MPT. MPT admits that Yoshimoto asked Creager to resign from Guest-Tek's board of directors. MPT lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

39. Responding to paragraph 39, MPT denies that Creager earned any compensation from MPT pursuant to the terms of the MOU, including the alleged salary, performance bonus and severance pay. MPT admits that Yoshimoto signed the MOU, and admits Yoshimoto did not sign certain AMG corporate documents and did not sign an employment agreement for Creager. MPT further admits that M2M paid off certain expenses of AMG. MPT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

///

///

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

40. Responding to paragraph 40, MPT incorporates each of the preceding paragraphs as though fully set forth herein.

41. Responding to paragraph 41, MPT denies that Exhibit A to the complaint is a binding agreement, but admits Plaintiff and Yoshimoto signed Exhibit A in Australia in July, 2004. MPT lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

42. Responding to paragraph 42, MPT asserts that these are conclusions of law and not factual allegations to which MPT need respond. Moreover, MPT is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis denies them.

43. Responding to paragraph 43, MPT denies that it has breached an agreement. MPT admits it has not funded AMG, has not executed AMG corporate papers, has not provided Plaintiff an employment contract, has not issued Plaintiff stock or stock options in companies MPT has acquired, and has not paid Plaintiff a bonus. MPT is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

44. Responding to paragraph 44, MPT asserts that this is a statement of alleged damages to which MPT need not respond. Moreover, MPT denies that Plaintiff has sustained any damages.

### SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

45. Responding to paragraph 45, MPT incorporates each of the preceding paragraphs as though fully set forth herein.

46. Responding to paragraph 46, MPT asserts that these are conclusions of law and not factual allegations to which MPT need respond. Moreover, MPT denies

there was a binding agreement between Creager and Yoshimoto. MPT is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

47. MPT denies each and every allegation of paragraph 47.

48. MPT denies each and every allegation of paragraph 48.

49. MPT denies each and every allegation of paragraph 49.

50. MPT denies each and every allegation of paragraph 50.

51. MPT denies each and every allegation of paragraph 51.

52. Responding to paragraph 52, MPT asserts that these are conclusions of law and not factual allegations to which MPT need respond. Moreover, MPT denies that plaintiff has been deprived of the benefits of any alleged agreement, or has suffered and/or continues to suffer any economic loss under any such agreement.

### THIRD CAUSE OF ACTION
(Fraud)

53. MPT denies each and every allegation of paragraph 53.

54. Responding to paragraph 54, MPT denies that the described document is a binding agreement, and denies that Yoshimoto made any representations to plaintiff in the described document. MPT further denies that the described document, which is Exhibit A to the complaint, contains the specific language in parts a., b., and c. of paragraph 54.

55. Responding to paragraph 55, MPT admits that Yoshimoto sent an e-mail to Plaintiff on or about September 28, 2004, and admits that the full sentence containing the quoted language reads: "But in order to get incentive for funding, MPT agree to give you and your staff warrant (stock option) of target acquired company's stock as we discussed at IBC." MPT denies that the e-mail "reaffirmed" the allegations of paragraph 54 and denies the e-mail specifically states the remaining allegations of this paragraph.

56. MPT denies each and every allegation of paragraph 56.

57. Responding to paragraph 57, MPT denies that any representations made

by MPT to Plaintiff were false, and denies that the alleged MOU required MPT to perform any of the acts alleged in parts a., b., c., d., or e. of paragraph 57. MPT admits that MPT did not intend to provide benefits to Plaintiff, to cause Plaintiff to receive stock or options to purchase stock with respect to any acquired company, or to continue AMG as an operational company. MPT is without sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph, and on that basis denies them.

58. MPT denies each and every allegation of paragraph 58.

59. Responding to paragraph 59, MPT asserts that these are conclusions of law and not factual allegations to which MPT need respond. Moreover, MPT denies it made representations to plaintiff upon which plaintiff relied, or entered an agreement with plaintiff. MPT is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

60. Responding to paragraph 60, MPT asserts that these are conclusions of law and/or statements of damages to which MPT need not respond. MPT denies it made false representations or committed fraud.

61. Responding to paragraph 61, MPT asserts that these are conclusions of law and/or statements of damages to which MPT need not respond. MPT denies it made false representations, committed deceit, or concealed a material fact.

## FOURTH CAUSE OF ACTION
### (Violations of Cal. Bus. & Prof. Code Section 17200 *et seq.*)

62. Responding to paragraph 62, MPT incorporates each of the preceding paragraphs as though fully set forth herein.

63. Responding to paragraph 63, MPT asserts that these are conclusions of law and/or statements of damages to which MPT need not respond. Moreover, MPT denies that it committed any unlawful act or violated section 17200 of the California Business and Professions Code.

64. Responding to paragraph 64, MPT asserts that these are conclusions of law and/or statements of damages to which MPT need not respond. Moreover, MPT

denies that it committed any unfair act or violated section 17200 of the California Business and Professions Code.

65. Responding to paragraph 65, MPT asserts that these are conclusions of law and/or statements of damages to which MPT need not respond. Moreover, MPT denies that it committed any deceptive act or violated section 17200 of the California Business and Professions Code.

66. Responding to paragraph 66, MPT asserts that these are conclusions of law and/or statements of damages to which MPT need not respond. Moreover, MPT denies that it wrongfully retained any amounts.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

67. Responding to paragraph 67, MPT incorporates each of the preceding paragraphs as though fully set forth herein.

68. Responding to paragraph 68, MPT denies that it obtained or retained corporate shares in stock options to which it is not justly entitled. Moreover, MPT asserts that the allegations of this paragraph are conclusions of law and not factual allegations to which MPT need respond.

69. Responding to paragraph 69, MPT denies that it has been unjustly enriched at the expense of Plaintiff. Moreover, MPT asserts that the allegations of this paragraph are conclusions of law and/or statements of damages to which MPT need not respond.

70. Responding to paragraph 70, MPT denies that it has wrongfully retained corporate shares or their equivalent value. Moreover, MPT asserts that the allegations of this paragraph are conclusions of law and/or statements of damages to which MPT need not respond.

## SIXTH CAUSE OF ACTION
### (Common Counts)

71. Responding to paragraph 71, MPT incorporates each of the preceding

paragraphs as though fully set forth herein.

72.     Responding to paragraph 72, MPT denies Exhibit A to the complaint is a binding agreement and denies MPT is indebted to Plaintiff for any money or is under any obligation to convey money to Plaintiff.  Moreover, MPT asserts that the allegations of this paragraph are conclusions of law and not factual allegations to which MPT need respond.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to this complaint, without admitting that any act or omission on the part of MPT has been improper or in violation of any statute, law or regulation, MPT alleges as follows:

### First Affirmative Defense

This Court lacks personal jurisdiction over MPT.

### Second Affirmative Defense

Under principles of *res judicata*, a separate action pending in the courts of Japan has and/or will result in final judgment on the merits of disputed claims and issues in this case, against plaintiff and in favor of MPT and/or parties in privity of interest with MPT, so as to require judgment in this action in favor of MPT.

### Third Affirmative Defense

Under principles of *forum non conveniens*, the District Court of Tokyo, Japan is the more convenient forum for resolution of the claims in plaintiff's complaint, and therefore the complaint should be dismissed.

### Fourth Affirmative Defense

Plaintiff and defendants have reached an accord and satisfaction of plaintiff's claims set forth in the complaint, and therefore plaintiff is barred from any recovery on the complaint, and each of the claims alleged therein.

### Fifth Affirmative Defense

Plaintiff lacks standing to assert the claims set forth in the complaint, and therefore the complaint, and each claim alleged therein, should be dismissed.

### Sixth Affirmative Defense

Each contract alleged in the complaint to which MPT was a party, if any, fails for lack of consideration or inadequate consideration, and therefore is void, illusory and unenforceable.

### Seventh Affirmative Defense

Each contract alleged in the complaint to which MPT was a party, if any, was premised on a mutual mistake of fact, and therefore plaintiff is barred from any recovery against MPT.

### Eighth Affirmative Defense

Each contract alleged in the complaint to which MPT was a party, if any, was premised on one or more material misrepresentations or nondisclosures by plaintiff, tantamount to fraudulent inducement. Therefore, each such alleged contract should be set aside, and plaintiff is barred from any recovery against MPT.

### Ninth Affirmative Defense

Each contract alleged in the complaint to which MPT was a party, if any, was modified and/or the subject of a novation, and under the terms of such modification or novation plaintiff is barred from any recovery against MPT.

### Tenth Affirmative Defense

Each contract alleged in the complaint to which MPT was a party, if any, violates the Statute of Frauds' requirement of a writing, and therefore is void, illusory and unenforceable as against MPT.

### Eleventh Affirmative Defense

Each contract alleged in the complaint to which MPT was a party, if any, fails because MPT lacked the capacity to enter into each such alleged contract, and therefore each such alleged contract is void, illusory and unenforceable.

### Twelfth Affirmative Defense

Plaintiff has failed to mitigate his damages. Therefore, Plaintiff's recovery, if any, must be reduced to the extent of such failure to mitigate.

### Thirteenth Affirmative Defense

Plaintiff has, by his actions, waived his right to pursue the complaint, and each of the claims alleged therein.

### Fourteenth Affirmative Defense

Plaintiff is estopped from asserting the complaint, and each of the claims alleged therein, due to his own wrongful and unjustified actions.

### Fifteenth Affirmative Defense

Plaintiff's equitable claims are barred under the doctrine of unclean hands.

### Sixteenth Affirmative Defense

Plaintiff's complaint and each claim alleged therein is barred by applicable statutes of limitation.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches, as plaintiff unreasonably delayed in bringing the claims alleged in the complaint with full knowledge of the facts and circumstances allegedly supporting those claims, to MPT's prejudice.

### **PRAYER**

WHEREFORE, MPT prays that judgment be entered against Plaintiff and in favor of MPT as follows:

1. That plaintiff take nothing by reason of his complaint;
2. That judgment be entered in favor of MPT and against plaintiff on all claims and causes of action asserted in plaintiff's complaint;
3. That plaintiff's complaint be dismissed as against MPT, with prejudice;
4. That MPT be awarded its costs of suit incurred in the defense of this action; and
5. For such other relief as the Court deems just and proper.

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MPT hereby demands a jury trial of all issues properly triable to a jury in this case.

DATED: April _14_, 2006                    MORGENSTEIN & JUBELIRER LLP

By _____/s/ Robert B. Mullen_____
Robert B. Mullen
Attorneys for Defendant
M.P. TECHNOLOGIES, INC.