IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT R. CREAGER,

    Plaintiff,

v.

MASUO YOSHIMOTO; M.P. TECHNOLOGIES, INC.; and M2M, INC.,

    Defendants.

No. C 05-01985 JSW

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by Defendants Masuo Yoshimoto, M.P. Technologies ("MPT") and M2M, Inc. ("M2M"). Having considered the parties' pleadings, relevant legal authority, the Court HEREBY DENIES IN PART AND GRANTS IN PART Defendants' motion.

**BACKGROUND**

Plaintiff, Robert R. Creager, alleges that Defendants, Yoshimoto and the two corporate entities, MPT and M2M, are liable for breach of contract and fraud relating to a written agreement between the two individuals. The written agreement entitled a Memorandum of Understanding ("MOU") created a new company, AMG Media Vision, Inc. ("AMG") whose purpose was to identify potential acquisition candidates in order to increase MPT's international presence, and then assist in negotiations with the targeted companies.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.     Standard on Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v.*

2

*Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

"In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.    Cause of Action for Breach of Contract Against MPT Survives Summary Judgment.**

Defendants contend that Creager cannot maintain a cause of action for breach of contract against MPT because the company was not a signatory to the original MOU between Creager and Yoshimoto. However, because there are disputed facts regarding the relationship between Yoshimoto and MPT, Creager may be able to prove that Yoshimoto acted as MPT's agent and therefore that MPT ratified the MOU. *See Van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 571 (2003). Because agency may be created by ratification, and because there may have been an agency relationship between Yoshimoto and MPT based on the evidence in the record, the Court cannot find that there is no possible breach of contract claim against MPT as a matter of law. Accordingly, the Court DENIES Defendants' motion for summary judgment on the first cause of action for breach of contract against MPT.

**C.    First Cause of Action for Breach of Contract Survives Summary Judgment.**

Defendants contend that the MOU signed by Creager and Yoshimoto was nothing more than "an agreement to agree" and cannot be enforced as a contract. The Court finds that the record is replete with disputed facts about the parties' intentions and the meaning of the MOU. In addition, the Court finds there is a dispute of fact regarding the intentions of the parties in their various communications regarding whether Creager waived his rights to enforce the MOU. Accordingly, the Court DENIES summary judgment as to the first cause of action for breach of contract.

**D.     Second Cause of Action for Breach of the Implied Covenant of Good Faith Survives Summary Judgment.**

Defendants move for summary judgment on Creager's cause of action for breach of the implied covenant of good faith and fair dealing on the grounds that it is entirely duplicative of his breach of contract claim.  "[U]nder California law, all contracts have an implied covenant of good faith and fair dealing." *In re Vylene Enterprises, Inc.*, 90 F.3d 1472, 1477 (9th Cir. 1996) (*citing Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (1960)).  The covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 349 (2000).  However, the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*.  Thus, to the extent a plaintiff seek to impose limits "beyond those to which the parties actually agreed, the [implied covenant] claim is invalid.  To the extent the implied covenant claim seeks simply to invoke terms to which the parties *did* agree, it is superfluous." *Id*. at 352 (emphasis in original); *see also Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1395 (1990) (holding that if the allegations supporting a claim for breach of the implied covenant of good faith and fair dealing "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").  "The central teaching of *Guz* is that in most cases, a claim for breach of the implied covenant can add nothing to a claim for breach of contract." *Lamke v. Sunstate Equipement Co., LLC.*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004).

Nevertheless, a plaintiff may bring implied covenant claim where the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits. *See Guz,* 24 Cal. 4th at 353 n.18 (acknowledging that "the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled...."); *see also McCollum v. XCare.net, Inc.*, 212 F. Supp. 2d 1142, 1153 (N.D. Cal. 2002) (applying California law).

4

In *McCullum*, the plaintiff alleged that she was hired as a sales manager to consummate an agreement with the defendant company's client. *McCollum*, 212 F. Supp. 2d at 1144. Plaintiff earned a base salary plus commissions. *Id*. According to plaintiff, the client was to sign a two-year contract that would have provided the defendant company approximately $10 million in revenue. The agreement was intended to be signed on October 12, 2000 and was actually signed on October 20, 2000. However, the defendant company terminated the plaintiff effective on October 11, 2000. *Id*. at 1144-45. The court found that there was evidence from which a fact finder could find that the defendant company intended to frustrate the plaintiff's legitimate expectations to commissions by terminating the plaintiff less than two weeks before the agreement with the client was signed, and thus found the defendant was not entitled to summary judgment on the claim for breach of the implied covenant of good faith and fair dealing. *Id*. at 1153.

The Court finds that there remain disputed facts regarding whether Defendants acted in bad faith in allegedly frustrating the purpose of the contract. *See Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 508-09 (2001) (holding that the question of whether there is a breach of the implied covenant of good faith and fair dealing is a question of fact unless there is only one possible inference from the evidence). Therefore, the Court cannot hold as a matter of law that Creager may not maintain a separate cause of action for breach of the implied covenant of good faith and fair dealing. Accordingly, the Court DENIES Defendants' motion for summary judgment on the second cause of action for breach of the implied covenant of good faith and fair dealing.

**E.     Third Cause of Action for Fraud Survives Summary Judgment.**

Defendants contend that the evidence establishes that Creager could never prove a cause of action for fraud. However, again, the record is replete with evidence of the parties' intentions and the interpretation of those expressed intentions. A jury might find, if presented with the controverted evidence, that there was an intent to mislead and an intent to induce Creager's reliance to his detriment. *See Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 200 (1986) (setting out elements of a cause of action for fraud).

5

Defendants also contend that because Creager received over a million dollars in a finder's fee and salary and bonus, he has incurred no damages as a result of the alleged fraud. However, Creager alleges that he was owed far in excess of this amount.

Accordingly, the Court DENIES Defendants' motion for summary judgment as to the third cause of action for fraud.

**F.  Fourth Cause of Action for Violation of California Business and Professions Code Section 17200 Does Not Survive Summary Judgment.**

Defendants claim that Creager's cause of action for violation of California Business and Professions Code Section 17200 fails as a matter of law. In order to bring a Section 17200 claim, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004) (quoting Cal. Bus. & Prof. Code § 17200). To state a claim for unfair competition, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." *Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003). Remedies under Section 17200 generally are limited to injunctive relief and restitution. *See, e.g., Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999).

The "unlawful" prong proscribes "anything that can be properly be called a business practice and that at the same time is forbidden by law." *Smith v. State Farm Mut. Auto. Ins. Co.,* 93 Cal. App. 4th 700, 717-18 (2001) (internal quotations omitted). Unlawful practices "are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory or court-made." *Saunders v. Superior Court,* 27 Cal. App. 4th 832, 838-39 (1994). Here, Creager alleges that Defendants' violation of Section 17200 is based upon their "wrongful conduct." (Complaint at ¶ 63.) In opposition to Defendants' motion for summary judgment, Creager argues that the alleged wrongful conduct constitutes a violation of California Civil Code Sections 1709 and 1710, which define actionable deceit. However, the Court finds that the alleged violations of the California Civil Code definitions of deceitful conduct do not rise to the level of unlawful conduct as proscribed by Section 17200.

6

Creager does not contend that his allegations constitute an unfair business practice, but does maintain that the alleged wrongful conduct constitutes fraudulent conduct pursuant to the third prong of Section 17200. However, a fraudulent business practice under Section 17200 "is not based upon proof of the common law tort of deceit or deception, but is instead premised on whether the public is likely to be deceived." *Pastoria v. Nationwide Ins.,* 112 Cal. App. 4th 1490, 1498 (2003). Stated another way, "In order to state a cause of action under the fraud prong of [Section 17200] a plaintiff need not show that he or others were actually deceived or confused by the conduct or business practice in question. 'The "fraud" prong of [section 17200] is unlike common law fraud or deception. A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived.'" *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000).

Because the Court finds that the allegations in the complaint and the evidence offered by the parties fails to demonstrate the existence of an unlawful, unfair or deceptive business practice, the Court GRANTS summary judgment for the fourth cause of action for violation of California Business and Professions Code Section 17200.

**G.     Unjust Enrichment is a Theory of Recovery, Not a Cause of Action.**

Under California law, a plaintiff is only entitled to recover for unjust enrichment "if the circumstances are such as to warrant the inference that it was the expectation of *both parties* during the time the services were rendered that the compensation should be made." *Del Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 978 (9th Cir. 1987) (citations omitted) (emphasis in original). Although Creager produces evidence of such mutual expectation, unjust enrichment is a theory of recovery, not an independent legal claim. *IB Melchoir v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."). Therefore, although Creager may be entitled to recovery for unjust enrichment under his other theories of liability, his claim for unjust enrichment does not constitute a stand-alone cause of action. Accordingly, the Court GRANTS Defendants'

7

motion for summary judgment for the fifth cause of action for unjust enrichment, although it makes no finding as to whether Creager may be entitled to such damages as a matter of law.

**H.     Defendants' Unclean Hand Defense is Based on Disputed Facts.**

The Court finds that the record before it is replete with disputed facts regarding, among other things, the alleged secret finder's fee from MagiNet, the alleged insider trading with Guest-Tek and the alleged handshake agreement to dismiss this lawsuit. Accordingly, the Court cannot find as a matter of law that Defendants' unclean hands defense is an absolute bar to Creager's equitable causes of action and DENIES Defendants' motion on this ground.

**I.     Sixth Cause of Action for Common Counts Survives Summary Judgment.**

The only essential allegations of a common count are "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997) (citing 4 Witkin Cal. Procedure (3d ed. 1985) Pleading, § 508). A cause of action for money had and received is stated if it is alleged the defendant "is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'" *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994).

Creager alleges he is owed the balance of his signing bonus as well as 3% stock at the price the stocks were trading at the date of acquisition. Creager asserts these amounts are readily valued, and therefore constitute a claim under common counts. There is nothing in the record to determine that the value of the stocks and remaining balance of the bonus is not readily ascertainable. Therefore, the Court DENIES Defendants' motion fur summary judgment as to the sixth cause of action for common counts.

**CONCLUSION**

For the reasons set forth in this Order, Defendants' motion is DENIED as to Plaintiff's causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, unjust enrichment and common counts. The Court GRANTS Defendants' motion for summary judgment as to the fourth cause of action for violation of California Business and Professions Code Section 17200 and the fifth cause of action for unjust

enrichment. Finally, the Court finds there are disputed facts regarding the defense of unclean hands.

The Court hereby sets the following dates: the pretrial conference shall be held on January 14, 2008 at 2:00 p.m. and the trial shall commence on February 4, 2008 at 8:30 a.m. The parties should refer to the Court's standing order on pretrial submissions for deadlines associated with their pretrial filings.

**IT IS SO ORDERED.**

Dated: October 9, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE